IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK



UNITED STATES OF AMERICA,

v.

EDGAR GUZMAN,

                Defendant.

**DECISION AND ORDER**

09-CR-00123(A)(M)

This case was referred to me by Hon. Richard J. Arcara for supervision of all pretrial matters [7].[1] Oral argument of defendant's pretrial motion [13] was scheduled for September 29, 2009. At that time, defendant advised that the only aspect of his motion that remained in dispute was his request for informant identity. The parties rested on their papers. For the following reasons, I order that defendant's pretrial motion [13] be DENIED, and that the government's cross-motion for reciprocal discovery [14, Point VIII] be GRANTED.

**BACKGROUND**

On April 21, 2009 defendant was indicted on one count of possessing with intent to distribute cocaine, in violation of 21 U.S.C. §§841(a)(1) and 841(b)(1)(C), and utilizing the telephone in committing the commission of such crime, in violation of 21 U.S.C. §843(b). Indictment [1].

Defendant seeks "the identities, written statements, and criminal records of all informants utilized by the government during the investigation of this case." Luh Affidavit [13], ¶9. Defendant "requires this information given the inherent unreliability of co-defendants and

---

[1]     Bracketed references are to CM/ECF docket entries.

accomplices. Pre-trial disclosure will permit a fair trial for the defendant where the defense will have sufficient information to fully evaluate the credibility of those the government has relied upon in securing any warrants and in support of the allegations contained in the indictment." Id. at ¶10.

The government contends that any statements obtained from defendant occurred during the course of his drug sales to a confidential informant and that the evidence in this case was obtained using a Kel monitor wire recorder/transmitter used by the confidential informant to record defendant's statements. Government's Response [14], pp. 2-3. It argues that "to the extent that defendant has been provided with the substance of the informants' testimony, further requests for disclosure pertaining to identity, impeachment material, and the like may all be properly addressed through the Brady and Jencks Act material which will be provided to defendant in the future." Government's Response [14], pp. 5-6.

## ANALYSIS

### A. Defendant's Motion

In general, the government may withhold from disclosure the identity of individuals who inform law enforcement officers of violations of the law. *See* Roviaro v. United States, 353 U.S. 53, 59 (1957); United States v. Jackson, 345 F. 3d 59, 69 (2d Cir. 2003), cert. denied, 541 U.S. 956 (2004). Defendant bears the burden of making "'a specific showing that disclosure was both material to the preparation of [the] defense and reasonable in light of the circumstances surrounding [the] case'". United States v. Bejasa, 904 F. 2d 137, 139 -140 (2d Cir.), cert. denied, 498 U.S. 921 (1990).

Disclosure of a confidential informant's identity is an "extraordinary remedy". United States v. Muyet, 945 F. Supp. 586, 602 (S.D.N.Y. 1996). "Speculation that disclosure of the informant's identity will be of assistance is not sufficient to meet the defendant's burden; instead, the district court must be satisfied, after balancing the competing interests of the government and the defense, that the defendant's need for disclosure outweighs the government's interest in shielding the informant's identity." United States v. Fields, 113 F. 3d 313, 324 (2d Cir.), cert. denied, 522 U.S. 976 (1997).

"A confidential informant's identity or the contents of an informant's communication must therefore be disclosed if such information is 'relevant or helpful' to an accused's defense at trial, particularly in relation to a potential entrapment defense or a defendant's knowledge of the character of the contraband." United States v. Yarborough, 2007 WL 962926, *5 (W.D.N.Y. 2007) (Foschio, M.J.) (quoting Rovario v. United States, supra, 353 U.S. at 60-61). "Furthermore, even where a Defendant makes such a showing, 'disclosure of [a] confidential informant's identity is not required if the Government will call the informant as a witness at trial.'" United States v. Paredes-Cordova, 2009 WL 1585776, *3 (S.D.N.Y. 2009).

Other than general assertions of need, defendant has not articulated any specific reasons why such disclosure of any information relative to the informants is necessary. As stated by the government, any issues will be properly addressed through the Brady and Jencks Act material which will be provided to defendant in the future. Government's Response [14], p. 6. See United States v. Souza, 2008 WL 753736, *14 (E.D.N.Y. 2008) ("Should the government call informants to testify, the government must provide Jencks Act materials and impeachment

disclosures for them as required."). Therefore, I find that defendant has not established his entitlement to the informant identities, and this aspect of his motion is denied.

**B.      Government's Cross-Motion**

The government moves for reciprocal discovery pursuant to Rule 16(b). Government's Response [14], Point VIII. Defendant has not opposed this request. Therefore, the government's motion is granted. "Defendant shall provide such discovery, if any, not later than 30 days prior to trial or such other date as the District Judge may direct." United States v. Sikut, 488 F. Supp. 2d 291, 304-305 (W.D.N.Y. 2007) (Foschio, M.J./Arcara, J.).

## CONCLUSION

For these reasons, defendant's pretrial motion [13] is DENIED, and the government's cross-motion for reciprocal discovery [14] is GRANTED. The parties are directed to contact Judge Arcara's chamber's to schedule a trial date.

Dated:   October 1, 2009

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge